IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOHN CHENEY,<br><br>          Plaintiff,<br><br>v.<br><br>DIRECTOR SUSAN BURKE; DIRECTOR DORIE FARAH; ASSISTANT PROGRAM DIRECTOR STEPHANIE SINJU LCSW; ASSISTANT PROGRAM DIRECTOR KYLE GOUDIE LCSW; HUMAN RESOURCES SPECIALIST JAY JENS, JR.; DEPARTMENT OF JUVENILE JUSTICE SERVICES; DEPARTMENT OF HUMAN SERVICES; DEPARTMENT OF HUMAN RESOURCE MANAGEMENT; AND CONTROL ROOM SUPERVISOR MARIA MULITALO,<br><br>          Defendant(s). | REPORT AND RECOMMENDATION<br><br><br>Case No. 1:14-CV-00165-RJS-PMW<br><br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Plaintiff John Cheney was permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 (the "IFP Statute").[2] As such, the court will assess the sufficiency of Plaintiff's complaint[3] under the authority of the IFP Statute. *See* 28 U.S.C. §

---

[1] Docket no. 10.

[2] Docket no. 2.

[3] Docket no. 3.

1915(e)(2)(B). For the reasons discussed herein, the court recommends that the claims against individual defendants sued in their individual defendants be dismissed and that Plaintiff be granted leave to amend his complaint to address the deficiencies in the remaining claims.

## BACKGROUND

The allegations in Plaintiff's narrative complaint are difficult to follow. Significant portions are incomplete, incomprehensible, or inconsistent. From the court's best efforts to follow the narrative, it appears that Plaintiff alleges that he works at the Wasatch Youth Center and was subject to some form of discrimination. The complaint alleges at different parts that the discrimination was based on race, sex, and/or disabilities. However, the complaint contains no discussion of race or sex based discrimination, and Plaintiff includes virtually no discussion of his specific disability or his basis for asserting discrimination arising from that disability.

Significant portions of the complaint appear to arise from Plaintiff's allegation that he was not paid for one hour of work, despite Plaintiff's admitting that he failed to include that hour on a timecard.[4] Plaintiff was subsequently paid for this hour when he advised his employer of his mistake. In addition, it appears that significant portions of Plaintiff's complaint arise from disciplinary action taken against him for conduct that he does not appear to dispute and which he failed to challenge at the time.

Plaintiff's complaint mentions his filing of "a few EEOC complaints" in connection with the underlying allegations, but only one EEOC complaint is included as an attachment. The attached EEOC complaint appears to have been filed in 2013, before many of the allegedly discriminatory events occurred. In that instance, the EEOC declined to investigate further after

---

[4] *See* docket no. 3 at 11 ("I put 7 hours on my timesheet and I worked 8hours [sic].").

finding "a legitimate non-discriminatory reason not related to discrimination based on race, disability or retaliation for prior complaints."[5]

The complaint names six of Plaintiff's co-workers or supervisors as defendants (the "Individual Defendants"). Plaintiff's requested relief includes: removing Individual Defendants from their supervisory roles over Plaintiff; a "Permanent Protective Order" against named Individual Defendants; "Monetary settle (sic) Defendant(s) that are listed"; payment of taxes on the settlement amount by all defendants; payment of attorney fees by all defendants; permanent revocation of licenses of some Individual Defendants; changing the employment status of Individual Defendants in supervisory roles from career to at-will; and a "Gag order for all Defendant(s)." Plaintiff also requests that any and all negative employment information about him, including any information giving rise to his complaint, be scrubbed from State of Utah electronic and paper files. Plaintiff seeks monetary damages of $900,000.

Since filing his complaint, Plaintiff has filed or lodged nearly 60 separate letters with attachments, comprising well over 1,000 pages of documents. These documents do not follow even the most rudimentary requirements of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

When a party is permitted to proceed under the IFP Statute without paying fees, the court may "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[5] Docket no. 3.

3

In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court must "look for plausibility in th[e] complaint. . . . Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (alterations in original). The court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218.

In undertaking its analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted); *see also* DUCivR 3-5 (complaint "should state . . . the basis for the plaintiff's claim or cause of action, and the demand for relief").

Further, Plaintiff's pro se status does not discharge compliance with the Federal Rules of Civil Procedure or local rules.  *See, e.g., Pedersen v. Mountain View Hosp.*, No. 1:11-CV-16-CW, 2011 WL 7277319, at *1 (D. Utah 2011).

## DISCUSSION

Plaintiff's rambling, convoluted narrative fails to make allegations sufficient to state a claim on which relief may be granted.  Plaintiff also improperly seeks relief under Title VII and/or the ADA against the Individual Defendants.  Accordingly, Plaintiff's complaint should be dismissed, and claims against the Individual Defendants should be dismissed with prejudice.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement" of the grounds upon which Plaintiff's claim is based, a short and plain statement that he is entitled to relief, and a demand for judgment. Fed. R. Civ. P. 8(a).  Plaintiff's complaint must include "a short and plain statement of the claim showing that [he] is entitled to relief, in order to give [Defendants] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations and citations omitted).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Tenth Circuit has stated that "[t]his contextual approach means comparing the pleading with the elements of the causes of action." *Id.* "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his]

5

complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." *Burnett*, 706 F.3d at 1236 (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff appears to allege Title VII and/or ADA claims for employment discrimination. To set forth a prima facie case of discrimination, Plaintiff must establish that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998).

Plaintiff fails to allege sufficient facts to establish he is a member of a protected class, or that his employer took an adverse employment action based on his membership in a protected class.  He appears to concede that he was not satisfactorily performing the job and fails to establish that he was qualified to perform the work required.  The complaint also fails to allege that Plaintiff was treated less favorably than others not in the protected class.  It also appears that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action, a prerequisite to filing an action.

In addition, Plaintiff seeks monetary and other relief under Title VII and/or the ADA against the Individual Defendants in their individual capacities. Neither Title VII nor the ADA provides for individual liability—claims under Title VII and the ADA can only be made against the "employer," not supervisors and co-workers in their individual capacities. *Butler v. City of Prairie Vill.*, 172 F.3d 736, 743-44 (10th Cir. 1999); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("personal capacity suits against individual supervisors are inappropriate under Title

VII"); *see also Sauers v. Salt Lake Cty.,* 1 F.3d 1122, 1125 (10th Cir.1993); *EEOC v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1279–82 (7th Cir. 1995) (holding that individuals who do not otherwise meet the statutory definition of employer cannot be held liable under the ADA). Accordingly, Plaintiff's claims against the Individual Defendants in their personal capacities fail as a matter of law.

Despite the significant deficiencies in the complaint, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). That said, Plaintiff cannot prevail on his claims against the Individual Defendants in their individual capacities and cannot cure those claims by amending his complaint.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against the Individual Defendants in their individual capacities be **DISMISSED** with prejudice, and that Plaintiff be granted leave to file an amended complaint to address the deficiencies discussed here. Out of an abundance of caution, **IT IS RECOMMENDED** that Plaintiff be given leave to file an amended complaint within twenty-one (21) days of service of this order that: (1) complies with the applicable pleading requirements; and (2) does not include the claims against the Individual Defendants. Failure to do so will result in a recommendation that this case be dismissed.

Plaintiff is reminded that any pleadings or further filings must attempt to comply with the requirements of the Federal Rules of Civil Procedure and the local rules.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all appearing parties, who are hereby notified of the right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A party must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9th day of September, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge