IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOHN CHENEY,<br><br>    Plaintiff,<br><br> v.<br><br>DIRECTOR SUSAN BURKE; DIRECTOR DORIE FARAH; ASSISTANT PROGRAM DIRECTOR STEPHANIE SINJU LCSW; ASSISTANT PROGRAM DIRECTOR KYLE GOUDIE LCSW; HUMAN RESOURCES SPECIALIST JAY JENS, JR.; DEPARTMENT OF JUVENILE JUSTICE SERVICES; DEPARTMENT OF HUMAN SERVICES; DEPARTMENT OF HUMAN RESOURCE MANAGEMENT; AND CONTROL ROOM SUPERVISOR MARIA MULITALO,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No. 1:14-CV-00165-RJS-PMW<br><br>Judge Robert J. Shelby |

  Plaintiff John Cheney filed his Complaint against the Defendants on December 15, 2004, claiming, among other things, that he was harassed and subject to employment discrimination based on race, sex, and disabilities.[1]  Magistrate Judge Dustin B. Pead issued an order permitting Mr. Cheney to proceed *in forma pauperis* under 28 U.S.C. § 1915 (the "IFP Statute").[2]  The court then referred the case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[3]

  Judge Warner issued a Report and Recommendation on September 9, 2015, assessing the

---

[1] Dkt. 3.
[2] Dkt. 2.
[3] Dkt. 10.

sufficiency of Mr. Cheney's Complaint under the IFP Statute.[4]  Judge Warner made two recommendations: (1) the court should dismiss Mr. Cheney's claims against the individual defendants in their individual capacities with prejudice because Title VII and ADA claims can be made against only an "employer," not supervisors and co-workers in their individual capacities; and (2) the court should grant Mr. Cheney "leave to amend his complaint to address the deficiencies in the remaining claims."[5]

A party has fourteen days upon receipt of the Report and Recommendation to file an objection.[6]  None of the parties have done so within that time.  In the absence of a timely objection, the court may apply a clearly erroneous standard when reviewing the Report and Recommendation.[7]  Under this deferential standard, the court "will affirm the Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a mistake has been committed."[8]

After carefully reviewing the Complaint and relevant legal authorities, the court finds that Judge Warner did not clearly err in assessing the sufficiency of Mr. Cheney's Complaint.  The court therefore ADOPTS the Report and Recommendation, and ORDERS as follows: (1) the claims against the individual defendants in their individual capacities are DISMISSED WITH PREJUDICE, and (2) Mr. Cheney is GRANTED LEAVE TO AMEND his Complaint within twenty one days of service of this Order to address the deficiencies discussed in the Report and Recommendation.

---

[4] Dkt. 65; *see* 28 U.S.C. § 1915(e)(2)(B) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

[5] Dkt. 65.

[6] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[7] *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (citations omitted) (internal quotation marks omitted).

[8] *Id.*

SO ORDERED this 28th day of September, 2015.

                        BY THE COURT:

                        _____
                        ROBERT J. SHELBY
                        United States District Judge